IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALONZO J. PAYNE,

       Petitioner,

v.

DANA METZGER, Warden, and
ATTORNEY GENERAL OF THE STATE
OF DELAWARE,

       Respondents.

Civil Action No. 18-936-RGA

## **MEMORANDUM**

Presently pending before the Court is Petitioner Alonzo J. Payne's document titled "motion for stay [and] abeyance." (D.I. 1) The motion asks the Court to stay the one year statute of limitations for habeas petitions so that he can "pursue his state claims in collateral proceedings" in the Delaware state courts. (D.I. 1 at 1) Petitioner states that he has filed a Rule 61 motion in the Delaware Superior Court asserting claims of actual innocence and ineffective assistance of counsel. (D.I. 1 at 1-2)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, a habeas petition must specify all the grounds for relief, state the facts supporting each ground, and state the relief requested. Moreover, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to

consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

To the extent Petitioner requests a stay, the document he has filed does not identify any grounds for relief, provide any facts, or request relief. As a result, the Court cannot liberally construe the document to be a petition for federal habeas relief. Therefore, there is no pending habeas proceeding for the Court to even consider staying.

Nevertheless, even if the document could be construed as seeking habeas relief, Petitioner's statement that he has a pending Rule 61 motion in the Delaware Superior Court plainly demonstrates that Petitioner has not yet exhausted state remedies.[1] Accordingly, to the extent the Court should treat the pending document as a habeas petition, the Court will summarily dismiss the petition without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: September ___, 2018

_____
UNITED STATES DISTRICT JUDGE

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.